IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ILONA N. WARD,<br><br>                     Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>                     Defendant. | MEMORANDUM DECISION AND ORDER REMANDING CASE FOR FURTHER CONSIDERATION<br><br>Case No. 2:13-CV-840 BCW<br><br>Magistrate Judge Brooke Wells |

      Plaintiff-appellant Ilona Ward appeals from the decision of an administrative law judge (ALJ) finding Plaintiff not disabled and the Commissioner's decision upholding the ALJ's decision denying her benefits.[1] Mrs. Ward filed for Supplemental Security Income (SSI) on June 8, 2009. She alleges disability due to physical and mental impairments.[2] These include cervical and lumbar problems in her back. Ms. Ward's application was denied initially and on reconsideration.

      On November 15, 2011, appellant received a de novo hearing before an ALJ. The ALJ determined that appellant had the severe impairments of a cervical spine disorder and a lumbar spine disorder. The ALJ found that these impairments did not meet or equal a listing and that appellant retained the residual functional capacity (RFC) to perform light work with certain additional limitations. The ALJ denied benefits for Mrs. Ward concluding that she was not disabled at step four of the analysis because she could still perform her past relevant work as a

---

[1] After examining the briefs and the record, the Court has determined to decide this matter on the briefs without oral argument.
[2] The parties fully set forth the medical history in their respective memoranda. The Court finds it unnecessary to repeat that record in detail here. Instead, the Court notes those items that are pertinent to its decision.

retail manager.[3] The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.[4] On appeal, Ms. Ward contends that the ALJ erred in the following ways: by failing to find her impairments equaled Listing 1.04; by failing to properly evaluate the medical opinion evidence; by failing to include appellant's impairments in the ALJ's RFC assessment; and by making an improper evaluation of appellant's credibility. Because the Court concludes the ALJ did not follow the correct legal standards in considering the opinion of the medical expert who testified at the hearing that appellant would probably at least equal Listing 1.04, the Court reverses and remands for further proceedings. The Court will not address the remaining issues raised by appellant because they may be affected by the ALJ's treatment of the case on remand.

Dr. Kendrick Morrison, the medical expert who testified at the hearing, reviewed appellant's medical history and concluded that when considering appellant's impairments in combination that "she would probably at least equal listing [1.04] for the primary, for the neck."[5] The ALJ rejected Dr. Morrison's opinion noting appellants "past credibility issues" and a lack of evidence of muscle atrophy. The ALJ, however, failed to discuss the evidence Dr. Morrison specifically cited to as a basis for his conclusion that appellant met Listing 1.04. For example, the ALJ failed to discuss the appellant's headaches and decreased strength although both of these ailments were relied on by Dr. Morrison.

---

[3] *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining the five-step sequential process for evaluating claims for disability benefits).
[4] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (stating the relevant standards of review for a court when reviewing a denial of social security benefits); *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).
[5] Tr. 87; *see also* tr. 82-88. Tr. refers to the administrative record before the Court.

The Tenth Circuit has specifically stated that under the applicable statutes an "ALJ [is] required to discuss the evidence and explain why he found that [an] appellant was not disabled . . . ."[6] Although an ALJ is not required to discuss every piece of evidence,[7] an ALJ cannot simply overlook or ignore evidence that is specifically cited to by a medical expert as a basis for finding disability. Such a cursory review, as in this case, fails to meet the correct legal standards and precludes this Court from performing any meaningful review of the ALJ's determination.[8]

The Court, therefore, remands this matter to the Commissioner for further proceedings consistent with this decision. The judgment of the Commissioner is REVERSED and REMANDED.

DATED this 5 May 2014.

Brooke C. Wells
United States Magistrate Judge

---

[6] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).
[7] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).
[8] *Clifton*, 79 F.3d at 1010 (remanding decision of the Commissioner because the ALJ failed to adequately discuss the evidence).